J-S74040-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
           :        PENNSYLVANIA
        Appellee         :
           :
        v.          :
           :
RICHARD R. CARBONARA,      :
           :
        Appellant      :  No. 1516 EDA 2014

Appeal from the Judgment of Sentence Entered April 10, 2014
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001864-2014

BEFORE: BENDER, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED JUNE 23, 2015**

I acknowledge that the law of this Commonwealth now provides that this Court, when confronted with an ***Anders*** brief, must comb the record in search of issues of arguable merit that were not raised by counsel. ***See Commonwealth v. Flowers***, 2015 PA Super 69, 2015 WL 1612010 at *2 (Pa. Super. filed April 10, 2015) ("[T]he reviewing court must make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues."). I write separately to reiterate my disagreement with that opinion's holding as to this Court's duty.

We accept in all other criminal cases that counsel has put forth the appropriate issues and arguments and, if not, that the PCRA is available to the defendant for obtaining relief. ***See***, ***e.g.***, ***Commonwealth v. Koehler***, 914 A.2d 427, 438 (Pa. Super. 2006) ("[I]t is not this Court's duty to

---

* Retired Senior Judge assigned to the Superior Court.

become an advocate for an appellant and comb through the record to assure the absence of trial court error."). In an **Anders** case, to "vindicate[] the right to counsel" by "safeguard[ing] against a hastily-drawn or mistaken conclusion of frivolity[,]" **Santiago**, 978 A.2d at 361, our Supreme Court has added the additional protection of requiring the attorney to certify and demonstrate his or her thorough review of the record and applicable law before we will allow counsel to withdraw.

Now, under **Flowers**, this Court not only can, but must, effectively act as an advocate for a criminal defendant whose counsel seeks to withdraw. Not only does this render meaningless counsel's efforts under **Santiago**, but it results in the unnecessary, unwarranted, and patently unfair disparate treatment of criminal defendants by this Court. **See id.** at *5 (Strassburger, J., dissenting) (quoting **Commonwealth v. Washington**, 29 A.3d 846 (Pa. Super. 2011) (Colville, J., concurring, unpublished memorandum at 6) ("[T]he purpose of **Anders** is to provide equal, not extra, representation to indigent defendants, regardless of their counsel's assessment of the merits of their appeals.").